UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL CALDWELL, | ) | CASE NO. 4:09 CV 1617 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OFFICER ROBERT ALTRIERE, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Wendell Caldwell filed this action claiming admiralty jurisdiction against Liberty Police Officer Robert Altriere, Detective Yannucci, the Warden of the Trumbull County Jail, and Trumbull County Court of Common Pleas Judge A.D. Logan. In the complaint, plaintiff alleges Judge Logan would not accept a civil lawsuit because it was not in compliance with Trumbull County Local Rules concerning payment of the filing fee. He seeks "the same as his first action and prays that this Court will grant all of his relief." He also requests return of a phone book which is being used as evidence against him in a criminal matter.

Mr. Caldwell filed a Supplement to his Complaint, which he titles an "Amendment." In this document he adds the "Board of County Commissioners, Liberty

Township/City officials" as defendants. (Am. Compl. at 1.) He also reiterates that he intends to proceed with an admiralty action, not one that presents a federal question.

## Background

Mr. Caldwell provides very few facts. He indicates he filed an action in the Trumbull County Court of Common Pleas to contest his arrest one month earlier. It appears criminal charges are pending against Mr. Caldwell as a result of that arrest. The court returned the pleading because it did not comply with the local rules concerning payment of a filing fee. He sought the intervention of Judge Logan, but did not receive the result he desired. Mr. Caldwell further claims Officer Altriere and Detective Yannucci confiscated an address and telephone book from him. He indicates that he is the subject of three open criminal cases. He contends the books may be used as evidence to incriminate him. He also indicates that the officers sent out personal information to police departments in jurisdictions where he may be wanted for other crimes. He states that if "they keep this information it will cause me more hardship." (Compl. at 2.)

Mr. Caldwell insists that this action be construed as a suit in Admiralty rather than a suit based on a federal question. He filed a "Petition to Show why this U.S. Court has Jurisdiction and to Amend Relief" [ECF #9] on September 21, 2009. He indicates he received a copy of the docket in this case which indicated jurisdiction was based on a federal question. He objects to this designation and reiterates that he intends to proceed with this as "an Admiralty cause of action within the meaning of the Federal Rules of Civil Procedure 9(h) pursuant to 28 U.S.C. § 1333 or 1337. He claims the Admiralty Extension Act, extends the federal court's jurisdiction to injuries on land.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, federal jurisdiction cannot be premised on admiralty. Admiralty law govern activities which occur at sea, including acts on small boats and ships in navigable bays, and addresses disputes arising from accidents and injuries at sea, maritime contracts and commerce, alleged violations of rules of the sea over shipping lanes and rights-of-way, and mutiny and other crimes on shipboard. *See* http://www.hg.org/law-dictionary.html. The incidents described in Mr. Caldwell's complaint appear to have occurred entirely in Liberty Township, Ohio, which is land-locked. There is no indication that any of the claims are based on an incident at sea.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Moreover, the Admiralty Extension Act, 46 U.S.C. § 740, extends the court's admiralty jurisdiction under 28 U.S.C. § 1333 to cases involving damage caused by a vessel on navigable water to property or individuals on land. *Norfolk & Western Co. v. U. S.*, 641 F.2d 1201, 1203 (6th Cir. 1980); *Executive Jet Aviation, Inc. v. City of Cleveland, Ohio,* 448 F.2d 151, 158 (6th Cir. 1971). It does not extend the court's admiralty jurisdiction to all cases that occur on land. Only those claims which arise from a vessel on navigable waters will arguably fall under this statute. This case does not present an arguable basis for admiralty jurisdiction. Because Mr. Caldwell expressly declines to assert any other type of federal jurisdiction, this case is dismissed for lack of jurisdiction.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: November 20, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2]28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.