UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL CALDWELL, | ) | CASE NO. 4:09 CV 1617 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER ROBERT ALTRIERE, *et al.*, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the "Petition for Reconsideration/Objection from Judge Sara Lioi Order" of *pro se* plaintiff Wendell Caldwell. (Doc. No. 13.) For the following reasons, the Motion is **DENIED**.

Mr. Caldwell filed this action on July 15, 2009 claiming federal admiralty jurisdiction. He alleged Trumbull County Court of Common Pleas Judge A.D. Logan would not accept his lawsuit because he did not comply with the local rules for that court. He requested return of a telephone book which was intended to be used as evidence against him in a criminal matter. He filed a Supplement to his Complaint which he termed and "Amendment" adding the "Board of Commissioners, Liberty Township/City [sic] City Officials" (Am. Compl. at 1.) He reiterated his intention of proceeding solely under

admiralty law. He filed a "Petition to Show why U.S. Court has jurisdiction and to Amend Relief" on September 21, 2009 to object to this Court's notation on its docket that this action was based on a federal question. He asked that the designation be changed to jurisdiction based on admiralty within the meaning of Federal Rule of Civil Procedure 9(h) and 28 U.S.C. §§ 1333 or 1337. He claimed the Admiralty Extension Act extended the federal court's jurisdiction to injuries on land.

This Court dismissed this action pursuant to 28 U.S.C. § 1915(e) on November 20, 2009. (Doc. No. 11.) Admiralty law governs activities that occur at sea. The incidents described in Mr. Caldwell's Complaint occurred entirely on land in Liberty Township, Ohio. None of the allegations concern incidents at sea. The Admiralty Extension Act, 46 U.S.C. § 740, extends federal admiralty jurisdiction to damages to property or land caused by a vessel on navigable waters. It does not extend admiralty jurisdiction to all cases which occur on land. Because Mr. Caldwell expressly declined to have the Court consider any other type of federal jurisdiction, the action was dismissed. On December 2, 2009, Mr. Caldwell filed his Petition for Reconsideration. (Doc. No. 13.) This Petition is set forth as a series of Interrogatories posed to the Court. Among these he asks, "is everything in a democracy a statutory codification of the principles of admiralty?" (Pet. at 2.) He further questions, "did when [sic] the federal government created federal citizens and you became a U.S. vessels [sic], you agreed to be bound by these principles of the sea?" (Pet. at 2.) He inquires, "Can anything be a vessel, even documents that you place into the public or use in contract, our bodies are vessels; human bags filled with seawater?" (Pet. at 2.) He asks, "Do all agencies have a degree of immunity when operating in civil jurisdiction and they are a

private party when you state a case in admiralty?;" and "Is every Court a Puerto Rican vessel in dry dock?" (Pet. at 2.) He also offers questions clearly related to his underlying criminal case, such as "Does the law allow cops and detectives to take items not regarding there [sic] cause just because it was there?" (Pet. at 3.) He asks that the action be "Put back in the U.S. District under Admiralty Jurisdiction, and [the court] reconsider/objection to the Order." (Pet. at 3.) He claims this court is "mandated pursuant to the Supplemental Rules of Admiralty and the Law of Nations, law and justice supra for an inquire [sic] into all the matters herein sworn to by the Plaintiff Wendell Caldwell." (Pet. at 3.)

In the Sixth Circuit, a motion for reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Federal Rule of Civil Procedure 59(e) allow a party alter or amend a judgment only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered, *Keeweenaw Bay Indian Cmty. v. United States*, 940 F.Supp. 1139, 1141 (W.D. Mich.1996), or to "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Mr. Caldwell's Petition for Reconsideration does not assert any of the grounds for relief under Rule 59(e). He points to no clear error of law, newly discovered evidence or intervening change in the law. There is no basis upon which this court could

3

reconsider its dismissal of this case.

Accordingly, the "Petition for Reconsideration/Objection from Judge Sara Lioi Order" (Doc. No. 13) is **DENIED**.

**IT IS SO ORDERED**.

Dated:   March 4, 2010

                                               **HONORABLE SARA LIOI**
                                               **UNITED STATES DISTRICT JUDGE**