UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL CALDWELL, | ) | CASE NO.   4:09 CV 1617 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| OFFICER ROBERT ALTRIERE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 24, 2010, *pro se* plaintiff Wendell Caldwell filed a Notice of Appeal in the above-captioned civil case. Two months earlier, however, he timely filed a Motion for Reconsideration, which this court construed as a Federal Rule of Civil Procedure 59(e) motion to alter judgment. *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Because the timely filing of a Rule 59 motion tolls the running of time limitations for filing a notice of appeal until the court rules on the motion, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60-61 (1982) (per curiam), the appeal was held in

abeyance until the court's March 4, 2010 order denying the motion. FED. R. APP. P. 4(a)(4)(A)(iv). The matter is now before this court to address payment of the filing fee on appeal. FED. R. APP. P. 3(e).

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an appeal without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. However, prisoners become responsible for paying their filing fees and costs from the moment the notice of appeal is filed. 28 U.S.C. § 1915(b); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). When an inmate seeks pauper status, the only issue for the court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Prisoners are no longer entitled to a waiver of fees and costs. *Id.* Therefore, prisoners pursuing an appeal must either pay the full filing for the appeal of $455, or seek pauper status by filing a financial application and a certified copy of the prisoner's trust account statement for the six month period immediately preceding the filing of the notice of appeal. 28 U.S.C. § 1915(a)(2); *McGore*, 114 F.3d at 608.

Plaintiff is a prisoner in a correctional institution. He has neither paid the $455 filing fee, nor requested pauper status for this appeal. Accordingly, pursuant to 28 U.S.C. § 1915(b), plaintiff is hereby ordered to pay the full fee of $455 if funds to pay it exist in his prisoner account. If plaintiff does not have funds in the account to pay the entire fee at once, he is ordered to complete and submit the accompanying Request for Certified Account Statement and Acknowledgment of Understanding, within 30 days of the date of this order. Plaintiff is to submit the entire Application at one time. The court will assess, and when funds exist, collect

the full fee as provided by law.

Plaintiff is hereby notified that if he does not pay the full filing fee or file a complete application within thirty (30) days, the United States Court of Appeals for the Sixth Circuit may dismiss the appeal for want of prosecution under Rule 45(a) of the Rules of the Sixth Circuit, and this court will assess the filing fee. Further, if the appeal is dismissed for want of prosecution, it will not be reinstated despite payment of the full filing fee or subsequent correction of the deficiency.

**IT IS SO ORDERED**.

Dated: March 19, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**